UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHARON WILLIAMS, Spouse of the
Decedent, DOVIE WILLIAMS                                              PLAINTIFF

V.                               CIVIL ACTION NO. 3:20-CV-254-KHJ-LGI

NISSAN NORTH AMERICA, XYZ CORPS.
1-10, and JOHN DOES 1-10                                             DEFENDANTS

ORDER

This action is before the Court on Defendant Nissan North America's ("Nissan") Motions to Dismiss [3]; [8]. For these reasons, the Court GRANTS Nissan's second Motion to Dismiss [8] and DENIES Nissan's first Motion to Dismiss [3] as moot.

I.      Facts and Procedural History

Plaintiff Sharon Williams sues Nissan on behalf of her deceased husband, Dovie Williams, claiming that Nissan failed to provide Mr. Williams with personal protective equipment despite knowing he was exposed to toxic formaldehyde gases while working in Nissan's paint plant from 2002 to 2019. Am. Compl. [5] ¶¶ 9-10.[1] Ms. Williams also alleges that Nissan, through its safety inspector, actively

---

[1] Ms. Williams' Amended Complaint contains the same causes of action as her original Complaint but specifies that Nissan exposed, deceived, and misled Mr. Williams, not Ms. Williams, about the toxic gas. *Compare* Compl. [1] ¶ 9 ("Despite the Defendant's knowledge that Plaintiffs were exposed to dangerous gases, Plaintiff was not provided a respirator . . ."), *with* Am. Compl. [5] ¶ 9 ("Despite the Defendant's knowledge that Mr. Williams was exposed to dangerous and lethal gases, Mr. Williams was not consistently provided a respirator . . .").

deceived and misled Mr. Williams to believe that he was not exposed to the toxic gas, even though other employees had died from exposure. *Id.* ¶ 9. Because of the exposure, Mr. Williams experienced "physical and mental damage" that caused his death on April 13, 2019. *Id.* ¶ 10. Nissan filed two Motions to Dismiss—one in response to Ms. Williams' original Complaint and another in response to her Amended Complaint. [3]; [8]. Both Motions seek dismissal under Federal Rule of Civil Procedure 12(b)(6).

II. Standard

In reviewing a Rule 12(b)(6) motion, the Court, viewing all evidence in the light most favorable to the plaintiff, must consider whether the plaintiff states a valid claim for relief. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To state a valid claim for relief, the plaintiff must allege enough facts that, when accepted as true, show "facial plausibility" and allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plaintiff need not provide detailed factual allegations to survive a Rule 12(b)(6) motion but must allege enough facts "to raise a right of relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court need not accept as true a plaintiff's legal conclusions or "threadbare recitals of the elements recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

III. Analysis

Nissan raises the same argument in both Motions to Dismiss—that Ms. Williams must file her claim with the Mississippi Worker's Compensation Commission, not this Court, pursuant to the exclusive remedy provision of Mississippi Worker's Compensation Act ("MWCA"). Ms. Williams argues that this Court has jurisdiction over this action pursuant to MWCA's intentional-tort exception because Nissan intentionally injured Mr. Williams. Nissan disagrees and contends that Ms. Williams does not allege sufficient facts to show Nissan intended to injure Mr. Williams. The primary question for this Court, then, is whether Ms. Williams sufficiently alleges "intent to injure" in her Amended Complaint.

The MWCA is the exclusive remedy for most employee claims against an employer that arise out of and in the course of employment. Miss. Code Ann. §§ 71-3-3, 71-3-9. Since an "injury" under this statute is defined as "accidental," though, an employee may sue his employer in another venue for intentional torts only if the employee alleges that the employer acted to intentionally injure the employee. *Id.* § 71-3-3(b); *Franklin Corp. v. Tedford*, 18 So. 3d 215, 221 (Miss. 2009). An employer intends to injure its employee if the employer had "full knowledge" that its action would injure the employee and still acted "with the purpose of . . . caus[ing] injury." *Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013). It is not enough for an employee to allege that the employer committed a willful and malicious act or was grossly negligent. *Tedford*, 18 So. 3d at 221.

This case centers on Mr. Williams' alleged exposure to formaldehyde gas in Nissan's paint division from September 2002 to April 2019. Am. Compl. ¶ 9. Ms. Williams alleges that Nissan knew that her husband was exposed to this gas but did not provide him with proper safety equipment or warn him of this exposure. *Id.* Further, Ms. Williams claims that Nissan, through its safety inspector, actively misled Mr. Williams to believe that he was not exposed to the toxic gas, even though other employees had died from exposure to this gas, and that Mr. Williams later died from gas exposure. *Id.* None of these facts, however, relate to whether Nissan acted with an intent to injure Mr. Williams.

*Taylor v. Nissan North America*, Civil Action No. 3:16-CV-821-DPJ-FKB, 2017 WL 2727276 (S.D. Miss. June 23, 2017), is instructive. In *Taylor*, the employee alleged Nissan knew the levels of formaldehyde gas were significantly above the Occupational Safety and Health Administration's ("OSHA") permissible exposure limit but required the employee to work without protective equipment. *Id.* at *2. The employee experienced seizure-related symptoms that his doctors directly attributed to formaldehyde gas exposure. *Id.* Despite knowing that the employee's doctor recommended the employee have no contact with formaldehyde gas, Nissan twice assigned the employee to areas in the paint plant where Nissan knew the employee would be exposed to dangerous levels of gas and ignored his requests for a respirator. *Id.* at *2-3. As a result, the employee experienced seizure-related symptoms requiring emergency medical treatment. *Id.* at *2. Based on these facts,

4

the court found that the employee successfully alleged that Nissan intended to injure him. *Id.* at *3.

The facts Ms. Williams alleges in her Amended Complaint are a far cry from the facts the employee alleged in *Taylor*. Although Ms. Williams alleges that Nissan did not provide Mr. Williams personal protective equipment despite knowing that he was exposed to formaldehyde gas from 2002 to 2019, Am. Compl. ¶ 9, she does not allege that Nissan knowingly exposed Mr. Williams to levels of gas significantly above OSHA's permissible exposure limit and does not state how or where in the paint plant Mr. Williams was exposed. Ms. Williams also does not provide any specific injuries that Mr. Williams sustained and gives no explanation of how Nissan knew that this gas exposure would harm Mr. Williams. Although she generally alleges that Nissan "actively misled" and "intended to cause harm to" Mr. Williams, Ms. Williams does not provide any facts to support these conclusory allegations.[2] *Id.* ¶¶ 9, 11.

The Court therefore finds that Ms. Williams has not sufficiently alleged "intent to injure" in her Amended Complaint, and this claim does not fall into the intentional-tort exception of the MWCA. Ms. Williams did not seek leave to amend her Complaint to cure any deficiencies, but the Court will allow her 14 days to do so. *See* Rule 15(a)(2) (requiring the Court to grant leave to amend when justice so requires).

---

[2] Rule 9's heightened pleading standard does not apply to allegations of intent but only applies to allegations of fraud. Fed. R. Civ. P. 9(b). To successfully allege "intent to injure," then, Ms. Williams must only allege enough facts to "raise [her] right of relief above the speculative level." *Twombly*, 550 U.S. at 555.

IV.     Conclusion

This Court has considered all of parties' arguments. Those the Court does not address would not have changed the outcome. Although Ms. Williams' Amended Complaint [5] fails to state a claim upon which relief can be granted, the Court allows Ms. Williams 14 days from the date of this Order to amend her Complaint to cure these defects. Should Ms. Williams fail to adequately amend her Complaint, the Court will dismiss this action.

SO ORDERED AND ADJUDGED this the 8th day of March, 2021.

s/ <i>Kristi H. Johnson</i><br>
UNITED STATES DISTRICT JUDGE